IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANTHONY BRACKINS, #270486, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:16-CV-858-MHT |
| | ) |
| WALTER MYERS, | ) |
| | ) |
| Defendant. | ) |

## ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE

### I. INTRODUCTON

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Anthony Brackins ("Brackins"), a state inmate, in which he challenges the conditions of confinement at the Easterling Correctional Facility during October of 2016. In his request for relief, Brackins seeks only a transfer from Easterling. *Doc. No. 1* at 3.

On May 8, 2017, defendant Myers filed a motion for leave to file a motion to dismiss in which he asserts that this case should be dismissed as moot due to Brackins transfer from Easterling to another correctional facility on May 2, 2017 after an increase in his custody level. *Doc. No. 29* at 1.[1] Based on the foregoing, the court issued an order requiring that on or before May 22, 2017 Brackins "show cause why the [defendant's] motion for leave to file [a motion to dismiss] should not granted." *Doc. No. 30* at 1. The court advised

---

[1] The motion for leave to file is set forth in pages 1-3 of Doc. No. 29, whereas the motion to dismiss is contained in pages 4-7 of Doc. No. 29. The remainder of this document, pages 8-26, consists of an exhibit in support of the motion to dismiss.

Brackins "that if he fails to respond to this order the undersigned will allow the defendant to file the motion to dismiss and will recommend that this case be dismissed as moot." *Id*. The Clerk mailed a copy of this order to Brackins at both his address of record and his address listed on the inmate database maintained by the Alabama Department of Corrections – Holman Correctional Facility.[2] The docket indicates that Brackins received this order. As of the present date, Brackins has filed no response to the show cause order. The court therefore concludes that motion for leave to file a motion to dismiss filed by defendant Myers is due to be granted and this case should be dismissed as moot.

## II. DISCUSSION

Courts do not sit to render advisory opinions. *North Carolina v. Rice*, 404 U. S. 244, 246 (1971). An actual controversy must exist at all times during the pendency of a case. *Steffel v. Thompson*, 415 U. S. 452, 459 n.10 (1974). In cases where the only relief requested is injunctive in nature, it is possible for events subsequent to the filing of the complaint to render the matter moot. *National Black Police Assoc. v. District of Columbia,* 108 F.3d 346, 350 (D.C. Cir. 1997) (change in statute); *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (transfer of prisoner); *Tawwab v. Metz* 554 F.2d 22, 23 (2nd Cir. 1977) (change in policy).

Article III of the United States Constitution confers jurisdiction on the district courts to hear and determine "cases" or "controversies." The mootness doctrine derives directly from the case or controversy limitation because "an action that is moot cannot be

---

[2]This database may be accessed at http://doc.state.al.us/InmateSearch.

characterized as an active case or controversy." *Adler v. Duval County Sch. Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997). "Put another way, 'a case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief.'" *Florida Ass'n of Rehab. Facilities, Inc. v. Florida Dep't of Health and Rehab. Servs.,* 225 F.3d 1208, 1216-17 (11th Cir. 2000) (quoting *Ethredge v. Hail*, 996 F.2d 1173, 1175 (11th Cir. 1993)); *Flast v. Cohen*, 392 U.S. 83, 95 (1968) ("Where the question sought to be adjudicated has been mooted by developments subsequent to filing of the complaint, no justiciable controversy is presented."); *Saladin v. Milledgeville*, 812 F.2d 687, 693 (11th Cir. 1987) ("A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome of the litigation, such as where there is no reasonable expectation that the violation will occur again or where interim relief or events have eradicated the effects of the alleged violation."); *Powell v. McCormack*, 395 U.S. 486, 496 (1969) ("[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.").

When actions occur subsequent to the filing of a lawsuit and deprive the court of the ability to give the plaintiff meaningful relief, then the case is moot and must be dismissed. *See, e.g., Hall v. Beals*, 396 U.S. 45, 48 (1969) (per curiam). In such instances, dismissal is required because mootness is jurisdictional. *See Florida Ass'n of Rehab. Facilities,* 225 F.3d at 1227 n.14 ("The question of mootness is . . . one which a federal court must resolve before it assumes jurisdiction [over the merits of a complaint]."). "Any decision on the

merits of a moot case or issue would be an impermissible advisory opinion." *Id*. at 1217 (citing *Hall*, 396 U.S.at 48, 90 S.Ct. at 201-02 .

Brackins is no longer incarcerated at Eastlering. Consequently, the only relief sought by Brackins, i.e., a transfer from Easterling, is moot. *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979); *Murphy v. Hunt*, 455 U.S. 478, 481-82 (1982). Moreover, in light of the recent increase in Brackins' custody level, the court finds that there is no reasonable expectation or demonstrated probability that Brackins will return to Easterling in the near future. Finally, despite being provided an opportunity to do so, Brackins has failed to show cause why this case should not be dismissed as moot.

## III. CONCLUSION

Accordingly, it is

ORDERED that the defendant's motion for leave to file a motion to dismiss be GRANTED. It is further the RECOMMENDATION of the Magistrate Judge that:

1. The defendant's motion to dismiss be GRANTED to the extent the defendant seeks dismissal of this case as moot.

2. This case be DISMISSED without prejudice as moot.

On or before June 26, 2017, the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions

of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 12th day of June, 2017.

/s/ Wallace Capel, Jr.
CHIEF UNITED STATES MAGISTRATE JUDGE